# Township of Springfield, (Delaware County), Appellant, *v.* The Public Service Commission.

*Public service companies — Water companies — Second-class townships—Powers.*

The supervisors of a second-class township do not have authority to levy a general tax or to incur indebtedness for fire protection service. The only authority given to townships of a second class to make contracts or pay for fire protection service is that provided in the Township Act of July 14, 1917, P. L. 840, chapter 7, article II, section 385, providing that on petition of the owners of a majority of the lineal foot along any highway, or portions thereof, in any village within the township the supervisors may enter into a contract with water companies for placing fire hydrants along said highway for the protection of property from fire. Under the provisions of said act an annual tax shall be levied upon the property abutting on the highway directly benefited.

The Public Service Commission has no lawful authority to impose upon the township the burden of a service which was not contracted for and cannot be contracted for generally and to pay for which the supervisors cannot levy tax on the inhabitants of the township nor incur indebtedness. The order of the Public Service Commission, therefore, is illegal in so far as it attempts to impose such fire protection service charge on a township of the second class.

Argued October 27, 1919. Appeal, No. 27, Oct. T., 1919, by complainant, from the order of the Public Service Commission in the case of Township of Springfield, (Delaware County), v. The Public Service Commission of Pennsylvania and The Springfield Consolidated Water Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Modified.

Complaint against the Springfield Consolidated Water Company on account of schedule of increased rates for fire protection service.

The charges in said schedule were alleged to be unjust and unreasonable.

After a hearing the commission filed a report dismissing the complaint.

*Error assigned,* among others, was the order of the commission.

*George T. Butler* and *Parker S. Williams,* for the appellant.

*William I. Schaffer,* and with him *Montgomery Evans* and *Arthur L. Reeser,* for Springfield Consolidated Water Company, intervening appellee.

*Berne H. Evans,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY KELLER, J., February 28, 1920:

This appeal differs from the preceding appeals relative to the rates of the Springfield Consolidated Water Company, in that the appellant is a township of the second class, had made no contract with the water company, and had no hydrants in use for fire protection. By the Township Act of 1917, Act of July 14, 1917, P. L. 840, (ch. VII, art. II, sec. 385), it is provided that the supervisors shall have power "on the petition of the

owners of a majority of the lineal feet frontage along any highway or portion thereof in any village within the township, to enter into contract with water companies for the placing of fire hydrants along said highway, for the protection of property from fire. The supervisors shall levy, for the maintenance of such fire hydrants and for the purchase of hose, et cetera, an annual tax upon the property abutting upon said highway in the district benefited thereby, based upon the assessment for county purposes." This is all the authority that is given to townships of the second class to make contracts or pay for fire protection service, and it is to be noted that such payments are not finally to be made out of the general revenues of the township, but are to be levied against the properties abutting on the highway in the district benefited thereby, and that such contract can not be made at all unless the owners of a majority of the lineal feet frontage shall petition therefor. The record in this case shows that no such petition was ever presented, no contract was entered into between the township supervisors and the water company, and no fire hydrants have been installed within said township. The supervisors have no authority to levy a general tax, or to incur indebtedness, for such fire protection service. We are of opinion that the Public Service Commission has no lawful authority to impose upon a township the burden of a service which it has not contracted for, and cannot contract for generally, and to pay for which the supervisors can neither levy taxes upon the inhabitants of the township, nor incur indebtedness. The order of the commission was, therefore, illegal, in so far as it attempted to impose such fire protection service charge upon the Township of Springfield, (Delaware County), and the order of the commission is set aside to that extent. It is not for this court to determine how the revenue apportioned to the appellant shall be made up; whether it should be charged as an additional sum against the domestic consumers of that township, or

should be obtained in some other manner.  That question is for the commission.  It may be that the water company will prefer to lose the revenue involved in this appeal rather than have the matter remanded to the Public Service Commission and reopened.  We will, therefore, at this time simply set aside the order of the commission in so far as it affects Springfield Township, (Delaware County), and if the water company desires further action in the premises, upon being so advised, we will remand the order to the commission for further action.

The order is hereby set aside in so far as it imposes a charge upon Springfield Township, (Delaware County).  Costs to be paid by the intervening appellee.